FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 19 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD MCKENZIE, </br></br>     Plaintiff, </br></br> vs. </br></br> LAW OFFICE OF POLLACK </br> AND ROSEN, P.C. </br></br>     Defendant, | ) </br> ) </br> ) </br> )   Civil Action No. 1:07: CV-2703 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## SPECIAL ANSWER

COMES NOW Defendants, POLLACK AND ROSEN, P.C., by and through undersigned counsel, in answer to the Complaint filed herein states as follows:

### FIRST DEFENSE

The Complaint fails to set forth a cause of action for which relief can be granted.

### SECOND DEFENSE

To the extent Defendant has committed any violation of the Fair Debt Collection Practices Act, Defendant is excused from liability because any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD DEFENSE

Any and all action on the part of Plaintiff leading up to the institution of this lawsuit were designed not to verify a debt, but rather were a malicious attempt to trap Defendant into committing an alleged technical violation of the rules.

## FOURTH DEFENSE

In answer to the allegations of the complaint, Defendant states as follows:

1. Defendant admits the allegations in Paragraph 1 of the Complaint

2. Defendant is without knowledge to admit or deny the allegations in paragraph 2 pf the complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint

9. Defendant admits that it is subject to the jurisdiction of this court.

10. Defendant admits venue is proper in this court

11. Defendant does not admit or deny the allegations in paragraph 11 of the Complaint because the allegations are legal conclusions and do not require a denial or admission.

12. Defendant does not admit or deny the allegations in paragraph 12 of the Complaint because the allegations are legal conclusions and do not require a denial or admission.

13. Defendant does not admit or deny the allegations in paragraph 13 of the Complaint because the allegations are legal conclusions and do not require a denial or admission.

14. Defendant does not admit or deny the allegations in paragraph 14 of the Complaint because the allegations are legal conclusions and do not require a denial or admission.

15. Defendant does not admit or deny the allegations in paragraph 15 of the Complaint because the allegations are legal conclusions and do not require a denial or admission.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant is without knowledge to admit or deny the allegations in paragraph 17 of the complaint.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant is without knowledge to admit or deny the allegations in paragraph 23 of the complaint.

24. Defendant is without knowledge to admit or deny the allegations in paragraph 24 of the complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant admits Paragraph 26 in part and denies paragraph 26 in part. Defendant admits that part of paragraph 26 which states that an action was in fact filed in the state court of Fulton County. Defendant denies that portion which states that Pollack & Rosen effectuated the filing as the complaint is not signed and an error of the state court clerk resulted in the filing of the action.

27. Defendant admits Paragraph 27 in part and denies paragraph 27 in part. Defendant admits that part of paragraph 27 which states that validation was not provided before the state court clerk erroneously filed an unsigned complaint. Defendant denies that portion which states that Pollack and Rosen resumed collection efforts.

28. Defendant denies Paragraph 28 of the complaint.

29. Defendant denies Paragraph 29 of the complaint

30. Defendant denies paragraph 30 of the complaint.

31. Defendant denies paragraph 31 of the complaint.

32. Defendant denies paragraph 32 of the complaint.

33. Defendant denies paragraph 33 of the complaint.

WHEREFORE having fully answered the Complaint, Defendant, Pollack and Rosen, P.C. prays the complaint be dismissed, with prejudice and that all costs be accessed against the Plaintiff.

*[signature]*
Melissa A. Meggison
Ga. Bar # 705124
Counsel for Defendant

POLLACK & ROSEN, P.C.
1940 Lodge Road
Suite 220
Kennesaw, GA 30144
(770) 263-9869

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter with a copy of the pleadings by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 19 day of November, 2007.

*[signature]*

5